UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:24 cr 435 WFJ-UAM

46 U.S.C. § 70503(a)
(Conspiracy to Distribute Cocaine
and Marijuana on a Vessel Subject to the
Jurisdiction of the United States), and
46 U.S.C. § 70506(a) and (b)
(Possession with Intent to Distribute
Cocaine and Marijuana on a Vessel
Subject to the Jurisdiction of the
United States)

LUIS ALBERT BATISTA,
LUIS GARCIA,
JOSE LORAN,
JOSE FARIA, and
JOSE LEON BATISTA

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy to Distribute Cocaine and Marijuana on a Vessel Subject**
**to the Jurisdiction of the United States)**

Beginning on an unknown date and continuing through on or about

September 24, 2024, while upon the high seas and onboard a vessel subject to the

jurisdiction of the United States, the defendants,

LUIS ALBERT BATISTA,
LUIS GARCIA,
JOSE LORAN,
JOSE FARIA, and
JOSE LEON BATISTA,

did knowingly and willfully combine, conspire, and agree with each other and other

persons known and unknown to the Grand Jury, to possess with intent to distribute

controlled substances.  The violation involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 100 kilograms or more of a mixture and substance containing a detectable about of marijuana, a Schedule I controlled substance.

In violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. §§ 960(b)(1)(B)(ii) and (b)(2)(G).

## COUNT TWO
**(Possession with Intent to Distribute Cocaine and Marijuana on a Vessel Subject to the Jurisdiction of the United States)**

Beginning on an unknown date and continuing through on or about September 24, 2024, while upon the high seas and onboard a vessel subject to the jurisdiction of the United States, the defendants,

LUIS ALBERT BATISTA,
LUIS GARCIA,
JOSE LORAN,
JOSE FARIA, and
JOSE LEON BATISTA,

did knowingly and intentionally, while aiding and abetting each other and other persons known and unknown to the Grand Jury, possess with intent to distribute a controlled substance.  The violation involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 100 kilograms or more of a mixture and substance containing a detectable about of marijuana, a Schedule I controlled substance.

In violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. §§ 960(b)(1)(B)(ii) and (b)(2)(G).

2

## FORFEITURE

1.    The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

2.    Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 70503, the defendants,

LUIS ALBERT BATISTA,
LUIS GARCIA,
JOSE LORAN,
JOSE FARIA, and
JOSE LEON BATISTA,

shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C. § 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3.    Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 960, the defendants,

LUIS ALBERT BATISTA,
LUIS GARCIA,
JOSE LORAN,
JOSE FARIA, and
JOSE LEON BATISTA,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result

3

of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property, which cannot be

divided without difficulty;

4

the United States of America shall be entitled to forfeiture of substitute property under the provision of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Michael Leath
Special Assistant United States Attorney

By: _____
Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section

5

FORM OBD-34

September 24

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

LUIS ALBERT BATISTA, LUIS GARCIA, JOSE LORAN,
JOSE FARIA, and JOSE LEON BATISTA

## INDICTMENT

Violations:   46 U.S.C. § 70503(a)
              46 U.S.C. § 70506(a) and (b)

A true bill,

_____
Foreperson

Filed in open court this 1st day

of October, 2024.

_____
                    Clerk   ASHLEY SANDERS

Bail $_____

GPO 863 525